IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-02011-D

**Andrew L. Brown**,

                Petitioner,

v.

**United States of America**,

                Respondent.

**Memorandum & Recommendation**

      Andrew L. Brown, a state inmate proceeding *pro se*, has filed a "motion for a speedy trial and final disposition." Mot. at 1, D.E. 1. This matter is before the court for a preliminary review pursuant to 28 U.S.C. § 1915A and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, the undersigned recommends that Brown's motion be DENIED and his claims be DISMISSED.

      A district court must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous." 28 U.S.C. § 1915A(a),(b)(1). A district court also must dismiss the complaint, or any portion of the complaint, if the complaint fails to state a claim upon which relief may be granted. *Id.* § 1915A(b)(1). Moreover, a district court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In evaluating the sufficiency of a pleading, a district court holds a pro se complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted).

In the instant motion, Brown contends that respondent has denied him "minimum custody privileges" as a result of a federal immigration detainer issued pursuant to 8 C.F.R. § 287.7. Mot. at 6, D.E. 1. Section 287.7 states, in pertinent part, that:

> [a]ny authorized immigration officer may at any time issue a Form I–247, Immigration Detainer—Notice of Action, to any other Federal, State, or local law enforcement agency. A detainer serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7(a). As relief, Brown seeks the dismissal of the detainer. Mot. at 7, D.E. 1.

The court lacks jurisdiction to grant the requested relief because the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, "grants the Attorney General exclusive jurisdiction over any decision to commence removal proceedings and expressly precludes federal court jurisdiction over any action implicating a decision of the Attorney General regarding commencement of removal proceedings." *Chapinski v. Ziglar*, 278 F.3d 718, 720 (7th Cir. 2002); *see Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 (1999) (interpreting 8 U.S.C. § 1252(g) to find no judicial review of INS's "decision or action to commence proceedings, adjudicate cases, or execute removal orders"); *Duamutef v. INS*, 386 F.3d 172, 179 (2d Cir. 2004) ("until [petitioner] is released [from detention] . . . the pace at which the Attorney General proceeds to take [petitioner] into custody and execute the removal order is within his discretion and thus beyond mandamus or habeas review"); *Thye v. United States*, 109 F.3d 127, 128 (2d Cir. 1997) (Attorney General has "the sole and unfettered discretion" to decide whether to institute removal proceedings while an alien is detained (quotations and citation omitted)); *Campos v. Immigration and Naturalization Serv.*, 62 F.3d

2

311, 313–14 (9th Cir. 1995) (district court lacks authority to compel the ICE to hold an immediate hearing).

Moreover, even if the court had jurisdiction, Brown's allegations fail to state a viable claim. "[A] Form-247 detainer is merely a request, not a directive, for law enforcement agencies to inform the Department of Homeland Security of a pending release date for the person for whom a detainer has been issued." *Lucatero v. Haynes*, No. 1:14-CV-255-FDW, 2014 WL 6387560, at *2 (W.D.N.C. Nov. 14, 2014) *reconsideration denied*, No. 1:14-CV-255-FDW, 2014 WL 6751575 (W.D.N.C. Dec. 1, 2014). "Thus, the issuance of a Form I–247 detainer does not in and of itself implicate federal constitutional concerns." *Id.* at * 3.

Finally, Brown's claims related to his classification level fail because prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (finding that there is no constitutional right under the Due Process Clause to a particular security classification or prison placement); *Lucatero*, 2014 WL 6387560, at *3 ("Plaintiff has not shown that his due process or other constitutional rights were violated by the fact that his security classification changed from minimum to medium as a result of the Form I–247 detainer being issued against him or that he may have been unable to participate in certain rehabilitative programs."). Accordingly, the undersigned recommends that Brown's motion be DENIED and his claims be DISMISSED.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to petitioner. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the

Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: September 13, 2016

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge