IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2011-D

| ANDREW L. BROWN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On September 13, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 4]. In that M&R, Judge Numbers recommended that the court deny Andrew L. Brown's ("Brown") "motion for speedy trial and final disposition" [D.E. 1]. On September 21, 2016, Brown objected to the M&R [D.E. 5].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance

a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (emphasis and quotation omitted).

Brown's objections reiterate arguments stated in his motion, and his objections do not meaningfully rebut Judge Numbers' recommendations. Compare M&R [D.E. 4] 2–3 with Objs. [D.E. 5]. Because Brown's boilerplate objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

Alternatively, Brown's objections lack merit. Brown seeks the dismissal of an immigration detainer that was issued pursuant to 8 C.F.R. § 287.7. Mot. [D.E. 1] 7. The court lacks jurisdiction to grant the requested relief. See Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 483–90 (1999); Chapinski v. Ziglar, 278 F.3d 718, 720–21 (7th Cir. 2002); Duamutef v. INS, 386 F.3d 172, 179–80 (2d Cir. 2004); Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997) (per curiam); Campos v. Immigration and Naturalization Serv., 62 F.3d 311, 313–14 (9th Cir. 1995). Moreover, even if the court had jurisdiction, "the issuance of a Form I–247 detainer does not in and of itself implicate federal constitutional concerns." Lucatero v. Haynes, No. 1:14-CV-255-FDW, 2014 WL 6387560, at *3 (W.D.N.C. Nov. 14, 2014) (unpublished).

In sum, after reviewing the M&R, the record, and Brown's objections, the court agrees with the legal conclusions in the M&R. Accordingly, Brown's objections [D.E. 5] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 4]. Brown's motion is DENIED, and the clerk shall close the case.

2

SO ORDERED. This 28 day of March 2017.

                                          JAMES C. DEVER III
                                          Chief United States District Judge

3